RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE     10 / 22 / 07
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM M. THORNHILL<br>Petitioner | CRIMINAL ACTION<br>NO. 03-10022-01 |
| VERSUS | |
| UNITED STATES OF AMERICA<br>Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter was referred to the undersigned Magistrate Judge for report and recommendation.

### Statement of the Claim

Before the court is a motion to vacate, set aside or correct sentence filed on March 7, 2007 pursuant to 28 U.S.C. §2255 by pro se petitioner, William M. Thornhill ("Thornhill"). (Doc. Item 114). Thornhill attacks the validity of his 2005 conviction, by a jury in the United States District Court for the Western District of Louisiana, Alexandria Division, for conspiracy to commit wire fraud, under 18 U.S.C. §371; wire fraud, under 18 U.S.C. §1343; and, structuring, under 31 U.S.C. §5324(a)(3). Thornhill was sentenced to 60 months imprisonment for one count of conspiracy to commit wire fraud and he was sentenced to 96 months in jail on two counts of wire fraud as well as one count of structuring. Each count of Thornhill's sentence was to run concurrently with the others and with any sentence imposed by the 9th Judicial District

Court of Rapides Parish, Louisiana on criminal docket number 267,209. Thornhill was also ordered to pay a special assessment of $400.00, a total fine of $16,800.00 and total restitution of $834,264.60 to victims identified in the pre-sentence report. Restitution was ordered jointly and severally with co-defendant, Robert Thomas, except as to the restitution owed to Pete Maltempi which was the sole obligation of Thornhill. (Doc. Item 87).

Thornhill filed an appeal with the United States Court of Appeals for the Fifth Circuit (Court of Appeals Docket Number 05-30230) challenging the sufficiency of the evidence regarding his intent to defraud and the reasonableness and legality of the imposition of a 96 month sentence with respect to the structuring charge. The Fifth Circuit affirmed Thornhill's conviction but vacated the sentence on the structuring conviction and remanded the matter for resentencing.

The District Court amended the judgment on July 17, 2006 to provide that Thornill be sentenced to 60 months imprisonment for one count of conspiracy to commit wire fraud as well as one count of structuring and he was sentenced to 96 months in jail on two counts of wire fraud. All other portions of the original sentence and supervised release remained the same. (Doc. Item 108).

Thornhill raised three issues in his Section 2255 motion: (1) whether the evidence was obtained from a search based upon an invalid search warrant; (2) whether all charges were based upon

2

false statements; and, (3) whether he was denied effective assistance of counsel.

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Law of §2255

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or, (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992), cert. denied 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under Section 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for the transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-231 (5th Cir. 1991), cert. denied, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

A claim may not be reviewed under 20 U.S.C. §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under Section 2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. U.S. v. Shaid, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors

4

which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. The earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim i.e. the petitioner must make a colorable showing of actual innocence. U.S. v. Flores, 981 F.2d 231, 235-236 (5th Cir. 1993). Also, McCleskey v. Zant, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

The cause and prejudice test; however, does not apply to claims of ineffective assistance of counsel which are ordinarily brought for the first time on collateral review.

Invalid Search Warrant

Thornhill alleges that the evidence obtained from his home should not have been used against him as the search warrant issued provided an incorrect address and was, therefore, invalid. "If a movant challenging his conviction and sentence under 28 U.S.C. §2255 could have raised his constitutional issue on direct appeal, he cannot raise them for the first time on collateral review unless he shows cause for his procedural default and actual prejudice resulting from the error or that the constitutional violation probably resulted in the conviction of one who is actually

5

innocent. United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). A review of the district court record shows that Thornhill failed to raise this claim in a pretrial motion as required by Federal Rule of Civil Procedure 12(b)(3) and 12(f) or at any other time during trial. Thornhill's failure to raise the suppression issue at trial resulted in waiver of the argument and prevented him from raising the argument on appeal. U.S. v. Chavez-Valencia, 116 F.3d 127, 129 (5th Cir. 1997), cert. denied, 522 U.S. 926, 118 S.Ct. 325, 139 L.Ed.2d 252 (U.S. 1997).

Thornhill now attempts to assert the claim in his motion to vacate, set aside or corrects sentence; however, he provides no argument in support of cause for his procedural default nor regarding how actual prejudice resulted from the error. Instead, he simply provides a laundry list of cases he purports support his opinion and the affidavit of his co-defendant, Robert H. Thomas.

Even if Thornhill had articulated a reason for his procedural default and shown actual prejudice, he would still have to prove his Fourth Amendment claim by showing that the search warrant was illegal and it violated his reasonable expectation to privacy. In his affidavit, Thomas states he viewed the original warrant issued to search Thornhill's house, and it contained an improper address. However, he was later shown another search warrant which contained a correct address. (Doc. Item 114-2, p.17). A review of the record and the search warrant indicates the search warrant was

issued on February 6, 2002 at 2:32 p.m. authorizing the search of 6113 McRay Drive, Ball, Louisiana 71360, Thornhill's residence. Attached to the warrant is the return executed February 14, 2002. Therefore, if a second warrant containing the proper address had been issued that day (as Thornhill and Thomas contend), the new warrant would have been dated February 14 rather than February 6.

Regardless of whether the address on the face of the warrant was incorrect, the attachment, entitled "Attachment A", contains a specific description of Thornhill's residence as well as its location. Thus, those executing the search warrant would have known and did in fact search the proper house to search. As Thornhill has failed to prove the warrant was invalid and/or that his Fourth Amendment rights were violated, this ground for relief is without merit.

False Statements

Thornhill also attacks his conviction and sentence by alleging that all charges against him were based upon false statements. In support of his position, Thornhill advises that an unnamed FBI agent conducted an investigation, collected evidence and, based upon the information collected, "inferred" and "made assumptions" which led to four charges being filed against him. As acknowledged by Thornhill, the agent made plausible inferences drawn from facts ascertained during his investigation. Accordingly, the FBI agent did not intentionally or knowingly present false information which

7

led to charges being filed against Thornhill. See, <u>Koch v. Puckett</u>, 907 F.2d 524, 531 (5th Cir. 1990), citing, <u>United States v. Martinez-Mercado</u>, 888 F.2d 1484, 1492 (5th Cir. 1989). Accordingly, this ground is without merit.

<u>Ineffective Assistance of Counsel</u>

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Anderson v. Collins</u>, 18 F.3d 1208, 1215 (5th Cir. 1994), and cases cited therein. Also, <u>U.S. v. Segler</u>, 37 F.3d 1131, 1136 (5th Cir.

8

1994).

Thornhill contends that his trial counsel, Wayne Blanchard, an experienced federal public defender who also served as his appellate counsel, was ineffective. Specifically, he alleges his attorney would not listen to him, did not call witnesses on his behalf nor allowed him to testify on his own behalf at trial. As with the other grounds alleged in his motion, Thornhill makes vague assertions without any argument in support. While he does attach copies of letters he sent to counsel regarding his defense, these letters do not provide evidence that Mr. Blanchard ignored him. The record shows that Mr. Blanchard took seriously his appointment to defend Thornhill. He appeared with or on behalf of Thornhill for various court appearances including initial appearance, arraignment, status conferences and trial. Mr. Blanchard filed requests for discovery and numerous motions on behalf of Thornhill including motions to exclude testimony of certain government witnesses, motions to exclude extrinsic evidence regarding prior uncharged allegations of investment solicitations, and motions for acquittal. (Doc. Items 23, 39, 43, 46, 53, 66; Tr. Vol 10, p. 1011). Additionally, he cross-examined the government's witnesses at trial and presented a defense in line with that argued by Thornhill in his Section 2255 motion and attached letter. Mr. Blanchard argued that Thornhill accepted loans from the alleged victims, not investments and he kept note of how much money he

borrowed from whom. He also argued that Thornhill traveled to various countries where the money was being held in an effort to secure its release. All was argued in an effort to prove Thornhill neither possessed the intent to commit nor actually commit the crimes with which he was charged.

With respect to his claims that witnesses were not called to testify regarding his credibility or the fact of his innocence, it should be noted that Mr. Blanchard called three witnesses on Thornhill's behalf at trial. Two witnesses, Sammy Morrow and Don Firman, testified as to Thornhill's character. They advised that they attended church with him for years and that he was a fine, upstanding member of the church with a good reputation, and his truthfulness had never been in question as long as they had known him. (Tr. Vol. 10, p. 1013-1016). Additionally, Michelle Vallot provided testimony about the documentation seized from Thornhill's home. Defense counsel argued that this testimony was relevant to the case because it showed the defendants kept meticulous records regarding the money they were loaned as well as the places the money was wired. (Tr. Vol. 10, p. 1017-1059, 1063-1065). Mr. Blanchard contended that this went to the heart of the issue of intent. (Tr. Vol. 10, p. 1053).

Counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigation unnecessary. Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993),

10

citing <u>Strickland v. Washington</u>, 466 U.S. 668, 691, 104 S.Ct. 1052, 2066, 80 L.Ed.2d 674 (1984). However, bare allegations do not suffice. A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. <u>Nelson</u>, 989 F.2d at 850, citing <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989). Complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. <u>Graves v. Cockrell</u>, 351 F.3d 143, 155 (5th Cir. 2003, amended in other part, 351 F.2d 156 (5th Cir. 2003), cert. denied, 124 S.Ct. 2160 (U.S. 2004), citing <u>Buckelew v. United States</u>, 575 F.2d 515, 521 (5th Cir. 1978). Also, <u>Boyd v. Estelle</u>, 662 F.2d 388, 390 (5th Cir. 1981). Where the only evidence of a missing witness' testimony is from the defendant, the Fifth Circuit Court of Appeals views claims of ineffective assistance with great caution. <u>Sayre v. Anderson</u>, 238 F.3d 631, 636 (5th Cir. 1986, citing, <u>Lockart v. McCotter</u>, 782 F.2d 1275, 1282 (5th Cir. 1986), cert. denied, 479 U.S. 1030, 107 S.Ct. 873 (1987). Unless petitioner provides the court with affidavits (or similar matter) from the alleged favorable witnesses suggesting what they would have testified to and/or how their testimony would have been relevant to his defense, claims of ineffective assistance of counsel fail for lack of

11

prejudice. Sayre, 238 F.3d at 636.

In his motion, Thornhill fails to provide the names of any other witnesses who would have testified at trial, what their testimony would have been and/or what bearing the testimony would have had on his defense. Because Thornhill has failed to provide anything more than vague statements, his claim of ineffective assistance of counsel for failure to call witnesses is also without merit.

Thornhill's final contention with respect to his ineffective assistance of counsel claim is that Mr. Blanchard did not allow him to testify on his own behalf. The right to testify on one's own behalf is granted to the defendant specifically and not his counsel. Rock v. Arkansas, 483 U.S. 44, 51-53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). However, "[a] defendant who argues that his attorney prevented him from testifying must still satisfy the two prong test of Strickland...." U.S. v. Harris, 408 F.3d 186, 192 (5th Cir. 2005), citing, United States v. Mullins, 315 F.3d 449, 452 (5th Cir. 2002); Sayre v. Anderson, 238 F.3d 631, 634 (5th Cir. 2001).

In the instant case, Thornhill simply makes a brief statement that Mr. Blanchard did not allow him to testify. (Doc. Item 114-1, p.5). Other than the blanket allegation and a "p.s." statement at the end of a letter dated October 26, 2005 to Mr. Blanchard advising "if necessary, I will testify..." (Doc. Item 114-2, p.

15), Thornhill did not provide any other evidence showing his intent to testify. (Doc. Item 114-2). He does not assert any dates on which nor the manner by which he and Mr. Blanchard discussed his desire to testify. He does not argue as to what he would have said or how it would have affected the outcome of the case. Nor does he indicate what Mr. Blanchard did to prevent him from asserting his right to testify.

As Thornhill fails to provide any specifics regarding his attempts to testify on his own behalf, he has not carried his burden of proof with respect to satisfying either prong of <u>Strickland</u> test. Additionally, given the fact that if Thornhill had testified at trial, it would have opened the gate to allow the government to introduce evidence of prior bad acts, it would be sound trial strategy to counsel ones client not to testify on his own behalf. Accordingly, this aspect of his ineffective assistance of counsel claim should also be denied.

## Conclusion

Accordingly, IT IS RECOMMENDED that Thornhill's motion to vacate, set aside or correct sentence be DENIED.

Under the provision of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a

13

copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 22nd day of October 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE